# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | |
|---|---|
| IRASEMA DE LA CRUZ DE LA CRUZ, et al,    Plaintiffs, <br><br> v. <br><br> GULF COAST MARINE & ASSOCIATES, INC, et al,    Defendants. | CIVIL ACTION NO. 9-09-cv-167 (TJW) |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant Schlumberger Technology Corporation's and Schlumberger Limited's (collectively "Schlumberger" or "Defendants") identical Rule 12(b)(6) Motions to Dismiss for Failure to State a Claim (Dkt. Nos. 105 and 104, respectively). In their motions, Defendants move the Court to dismiss Plaintiffs' Original Complaint (Dkt. No. 1) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## I. Factual Background

This lawsuit is based on an accident that occurred on a mobile drilling rig and oil production platform in Mexican territorial waters, just north of the Mexican coast in the Gulf of Campeche, on October 23, 2007. Plaintiffs are all Mexican residents, and they, or their decedents, were employed by Compañia Perforadora Central, "Sercomosa and/or Comodatoria," or Petroleos Mexicanos ("PEMEX"), Mexico's state owned oil company. PEMEX owned the production platform and rented the drilling rig on which Plaintiffs or their decedents were working

at the time of the accident for purposes of the exploration, development, and production of Mexican oil and gas resources.

Plaintiffs filed suit on October 19, 2009, asserting negligence, gross negligence, products liability, and wrongful death claims against various defendants under general federal or international maritime law or, in the alternative, under Texas law or the relevant law of Mexico. The Original Complaint was the basis of previous motions to dismiss by Schlumberger. *See* Dkt. Nos. 26 and 29. In their motions to dismiss the Original Complaint, Defendants argued that the Original Complaint did not state a cognizable claim under the general maritime law of the United States because any claim was barred by the Jones Act. The Defendants further argued that the Jones Act bared Plaintiffs' foreign and state law claims and, thus, that the entire Original Complaint should be dismissed. In an order dated September 20, 2010, the Court granted-in-part and denied-in-part the motions to dismiss the Original Complaint. *See* Dkt. No. 102. In its order, the Court held that the Original Complaint did not properly allege a claim under federal maritime law and dismissed Plaintiffs' claims under federal maritime law without prejudice. *Id*. at 3-5. The Court also held that the Jones Act did not bar Plaintiffs' claims under foreign law or international maritime law and declined to dismiss these claims. *Id*. at 5-8. Finally, the Court held that Plaintiffs' claims under Texas law were preempted by the Jones Act and, thus, were barred by 46 U.S.C.A. § 30105(b). The Court, accordingly, dismissed Plaintiffs' state law claims with prejudice. *Id*. at 8-9. The Court granted Plaintiffs leave to file an amended complaint by October 8, 2010. *Id*. at 10. However, Plaintiffs chose not to file an amended complaint. Defendants now move to dismiss Plaintiffs suit in its entirety for failure to abide by the Court's

order and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 104 and 105.

**II.     Analysis**

Defendants first argue that Plaintiffs' claims should be dismissed for failure to abide by the Court's order granting Plaintiffs leave to file an amended complaint. However, as Plaintiffs correctly point out, the Court's order dated September 20, 2010 dismissed only Plaintiffs claims under federal maritime law and under Texas law. It expressly did not dismiss Plaintiffs' claims under international maritime law or Mexican law. Consequently, Plaintiffs' decision not to file an amended complaint simply means that Plaintiffs have limited their claims to those claims in the Original Complaint not dismissed by the Court's order—i.e., its claims under international law or Mexican law.

Alternatively, Defendants argue that Plaintiffs' international law claims should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs' Original Complaint does not provide Schlumberger with fair notice of the legal theory under which Plaintiffs' claims are being asserted. Plaintiffs' Original Complaint asserts claims for negligence, gross negligence, and products liability, but does not cite to any specific international maritime law or Mexican law upon which it relies. Instead, the Original Complaint relies on the following statement: "These claims are also maintained under general maritime or international maritime. In the alternative, they are maintained under Texas (Common and Statutory) Law and/or applicable laws in whole or in part of Mexico." Original Complaint, ¶ 5, Dkt. No. 1. Defendants argue that this statement does not meet the requirements of fair notice and

3

pleading and, thus, that Plaintiffs' claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

Defendants' motions to dismiss do not question the sufficiency of the factual allegations in the Original Complaint. Instead, they appear to seek clarification as to what legal theories Plaintiffs are pursuing under international maritime law and/or Mexican law. These types of questions are more appropriately framed as a motion to for more definite statement under Federal Rule of Civil Procedure 12(e). FED. R. CIV. P. 12(e) (stating that a party may move for a more definite statement when the pleading "is so vague or ambiguous that the party cannot reasonable prepare a response"). Accordingly, the Court will construe Defendants' motions to dismiss as motions for a more definite statement under Rule 12(e). *See Crenshaw v. United States ex. rel. Nat'l Aeronautics & Space Admin.*, 137 F.3d 1352, 1352 (5th Cir. 1998) (holding that the district court has the discretion to treat a motion to dismiss as a motion for more definite statement); *Beanal v. Freeport-McMoRan, Inc.*, 969 F. Supp. 362, 367 (E.D. La. 1997) ("The court may treat a Rule 12(b)(6) dismissal motion as a motion for a more definite statement, even if the motion is not so styled."), *aff'd*, 197 F.3d 161 (5th Cir. 1999).

The Court finds that Plaintiffs' claims in the Original Complaint maintained under international maritime law and/or Mexican law are vague and ambiguous and GRANTS Defendants' motions for more definite statement (Dkt. No. 104 and 105). The Court FURTHER ORDERS Plaintiffs to file an amended complaint containing a more definite statement of the legal theories upon which they are relying under international maritime law and/or Mexican law within 20 days from the date of this order.

It is SO ORDERED.

SIGNED this 9th day of November, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE