# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | |
|---|---|
| IRASEMA DE LA CRUZ DE LA CRUZ, et al, <br>     Plaintiffs, <br><br> v. <br><br> GULF COAST MARINE & ASSOCIATES, INC, et al, <br>     Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. 9-09-cv-167 (TJW) |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendants Vetco Gray, Inc.'s ("Vetco Gray"), Schlumberger Limited, Schlumberger Technology Corporation's (collectively "Schlumberger"), and Matthews Daniel Company's motions to dismiss Plaintiffs' Second Amended Complaint (Dkt. Nos. 119, 120, 121, and 130, respectively). Defendant Halliburton Energy Services, Inc. ("Halliburton") also joined in each of these motions (Dkt. No. 134). All four motions move to dismiss Plaintiffs' state law, general maritime law, international law, Mexican law, Occupational Safety and Health Act ("OSHA"), and Death on the High Seas Act ("DOSHA") claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition, Vetco Gray moves to dismiss Plaintiffs' Mexican law claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiffs have failed to file a response to any of these motions. The Court, having considered Defendants' arguments and the applicable law, hereby GRANTS-IN-PART and DENIES-IN-PART Defendants' motions as discussed in more detail below. The Court also CARRIES Vetco Gray's request to dismiss Plaintiffs' Mexican law claims for lack of subject matter jurisdiction until after the Court's ruling on the Defendants' pending

1

Consolidated Motion to Dismiss for Forum Non Conveniens filed in *Dominguez v. Gulf Coast Marine, et al.*, Case No. 9:08cv200 (Dkt. No. 225).

## I. Factual Background

This lawsuit is based on an accident that occurred on a mobile drilling rig and oil production platform in Mexican territorial waters, just north of the Mexican coast in the Gulf of Campeche, on October 23, 2007. Plaintiffs are all Mexican residents, and they, or their decedents, were employed by Compañia Perforadora Central, "Sercomosa and/or Comodatoria," or Petroleos Mexicanos ("PEMEX"), Mexico's state owned oil company. PEMEX owned the production platform and rented the drilling rig on which Plaintiffs or their decedents were working at the time of the accident for purposes of the exploration, development, and production of Mexican oil and gas resources.

Plaintiffs filed suit on October 19, 2009, asserting negligence, gross negligence, products liability, and wrongful death claims against various defendants under general federal or international maritime law or, in the alternative, under Texas law or the relevant law of Mexico. The Original Complaint was the basis of previous motions to dismiss by Schlumberger. *See* Dkt. Nos. 26 and 29. In their motions to dismiss the Original Complaint, Defendants argued that the Original Complaint did not state a cognizable claim under the general maritime law of the United States because any claim was barred by the Jones Act. The Defendants further argued that the Jones Act bared Plaintiffs' foreign and state law claims and, thus, that the entire Original Complaint should be dismissed. In an order dated September 20, 2010, the Court granted-in-part and denied-in-part the motions to dismiss the Original Complaint. *See* Dkt. No. 102. In its order, the Court held that the Original Complaint did not properly allege a claim under federal

maritime law and dismissed Plaintiffs' claims under federal maritime law without prejudice. *Id*. at 3-5. The Court also held that the Jones Act did not bar Plaintiffs' claims under foreign law or international maritime law and declined to dismiss these claims. *Id*. at 5-8. Finally, the Court held that Plaintiffs' claims under Texas law were preempted by the Jones Act and, thus, were barred by 46 U.S.C.A. § 30105(b). The Court, accordingly, dismissed Plaintiffs' state law claims with prejudice. *Id*. at 8-9. The Court granted Plaintiffs leave to file an amended complaint by October 8, 2010. *Id*. at 10.

However, Plaintiffs chose not to file an amended complaint. Various defendants then moved to dismiss the Plaintiffs' suit in its entirety for failure to abide by the Court's order and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 104, 105, and 106. The Court denied the Defendants' motions to dismiss Plaintiffs' claims on the basis of Plaintiffs' failure to file an amended complaint, reasoning that Plaintiffs' failure simply limited their claims to those claims in the Original Complaint not dismissed by the Court—i.e. their claims under international law or Mexican law. Dkt. No. 114. The Court then construed Defendants' requests for dismissal of the claims for failure to state a claim as motions for more definite statement and ordered Plaintiffs to "file an amended complaint containing a more definite statement of the legal theories upon which they are relying under international maritime law and/or Mexican law." Dkt. No. 114.

Pursuant to the Court's order, Plaintiffs filed their Second Amended Complaint on November 29, 2010, reasserting their state law claims as asserting new claims under various international treaties, OSHA, DOSHA, and Mexican law. Dkt. No. 116. Defendants now move to dismiss all of Plaintiffs' claims in the Second Amended Complaint.

3

## II. Legal Standard

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, although complaints are not required to include meticulously detailed allegations in order to survive a rule 12(b)(6) motion to dismiss, the plaintiff must allege more than labels and conclusions or a formulaic recitation of the elements of a cause of action in order to satisfy his obligation to provide the "grounds" of his "entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). At a minimum, the complaint must state a claim that is at least "plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). The Court may not rely on "conclusional allegations or legal conclusions disguised as factual allegations." *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). Additionally, the Court must assume that the allegations in the complaint are true. *See id.*; *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke*, 490 U.S. at 327. The well-pleaded facts must permit the court to infer more than just the mere possibility of misconduct. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

**III. Analysis**

As discussed above, Plaintiffs' Second Amended Complaint asserts claims under state law, general maritime law, Mexican law, various international treaties, OSHA, and DOSHA. Defendants move to dismiss all of these claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The Court will consider each of Plaintiffs' claims in turn.

**A. State Law Claims**

The Court dismissed Plaintiffs' claims under Texas law with prejudice in its order dated September 20, 2010 (Dkt. No. 102). Because Plaintiffs have provided no new legal or factual arguments supporting their state law claims, the Court will not reconsider its order dismissing those claims with prejudice. Accordingly, the Court GRANTS Defendants' motions to dismiss (Dkt. Nos. 119, 120, 121, and 130) with respect to Plaintiffs' Texas law claims and dismisses Plaintiff's Texas law claims for negligence, gross negligence, products liability, and wrongful death in the Second Amended Complaint with prejudice for the reasons detailed in the Court's order dated September 20, 2010 (Dkt. No. 102).

**B. General Maritime Law Claims**

Plaintiffs' Second Amended Complaint also asserts claims under general maritime law. The Court's September 20, 2010 order dismissed these claims without prejudice because Plaintiffs failed to allege that Mexican law does not provide an adequate remedy, as required under the Jones Act (Dkt. No. 102). The Court granted Plaintiffs leave to file an amended complaint by October 8, 2010. However, Plaintiffs failed to file an amended complaint in compliance with the Court's order. Accordingly, Plaintiffs have waived their rights to pursue any claims under general maritime law. Even if Plaintiffs had not waived their right to pursue their general maritime law

claims, the Court would still dismiss these claims because Plaintiffs general maritime law claims in the Second Amended Complaint contain the same fatal defect as those claims in the Amended Complaint previously dismissed by the Court—i.e. Plaintiffs fail to plead that Mexican law does not provide an adequate remedy. Thus, the Court GRANTS Defendants' motions to dismiss (Dkt. Nos. 119, 120, 121, and 130) with respect to Plaintiffs' general maritime law claims and dismisses with prejudice Plaintiffs' federal maritime claims in the Second Amended Complaint for the reasons detailed in the Court's order dated September 20, 2010 (Dkt. No. 102).

### C. Claims under International Law, Conventions, and Treaties

In response to the Court's November 19, 2010 order requiring Plaintiffs to replead their claims under international law (Dkt. No. 114), Plaintiffs' Second Amended Complaint pled claims under numerous "international laws, conventions, and treaties." Defendants move to dismiss all of these claims under Federal Rule of Civil Procedure 12(b)(6).

#### 1. The North America Free Trade Act ("NAFTA")

In the Second Amended Complaint, Plaintiffs allege that the Defendants have violated NAFTA. Specifically, Plaintiffs allege that "the Defendants, while enjoying the profits and benefits from the free trade under NAFTA, did not follow the preamble of NAFTA" because they "violated the international labor law, international safety standards, and international environmental pollution regulations and laws." However, the NAFTA Implementation Act, which approved NAFTA and provided a series of domestic laws to effectuate and enforce NAFTA's provisions, makes it clear that there is no private cause of action for claims arising under NAFTA. *See* 19 U.S.C. § 3311. Section 102(c), entitled "Effect of the Agreement with Respect to Private Remedies" provides that: "No person other than the United States -- (1) shall have any

6

cause of action or defense under-- (A) the Agreement or by virtue of Congressional approval thereof . . ." 19 U.S.C. § 3312(c); *see also Ford Motor Co. v. U.S. Dept. of Homeland Sec.*, 2006 WL 2457521, at * 4 (E.D. Mich. 2006) ("Clearly, NAFTA may not be enforced in domestic courts, except through suit brought by the United States"); *Berriochoa Lopez v. U.S.*, 309 F. Supp. 2d 22, 28-29 (D.D.C. 2004), *aff'd*, 2004 WL 2616294 (D.C. Cir. 2004) (holding that the NAFTA Implementation Act precluded a private suit alleging NAFTA violations); *Leclerc v. Webb*, 270 F. Supp. 2d 779, 804 (E.D. La. 2003) (holding that plaintiff, a private citizen, lacked standing to assert a claim challenging a Louisiana Supreme Court rule under NAFTA because " NAFTA's enabling legislation limits such a legal challenge to the United States"). Accordingly, Plaintiffs' claim in the Second Amended Complaint under NAFTA is DISMISSED WITH PREJUDICE.

### 2. MARPOL

Plaintiffs' Second Amended Complaint also alleges that "[d]ue to the acts and/or omissions of the Defendants, oil and gas and other chemicals were released into the environment such as the ocean, air, etc." and that this constitutes a violation of the International Convention for the Prevention of Pollution from Ships, 1973, as modified by the Protocol of 1978 ("MARPOL"). The Act to Prevent Pollution from Ships, the implementing legislation of MARPOL, provides that an action under the Act may not be "commenced prior to 60 days after the plaintiff has given notice, in writing and under oath, to the alleged violator, the Secretary concerned, and the Attorney General." 33 U.S.C. § 1910(b)(2). This notice provision is a mandatory precondition to a private citizen suit under this Act. Defendants assert that Plaintiffs have failed to provide them with such notice. Plaintiffs' Second Amended Complaint does not state that any such notice was given, and Plaintiffs have filed no response to Defendants' motion to dismiss demonstrating that

they have satisfied the notice requirements of the Act. Based on Plaintiffs' failure to comply with the notice provision, all causes of action in the Second Amended complaint under MARPOL are DISMISSED WITHOUT PREJUDICE.

### 3. The Convention on the High Seas (UNCLOS I and III)

Plaintiffs' Second Amended Complaint alleges a cause of action under the Convention on the High Seas and the Third United Nations Conference on the Law of the Sea (UNCLOS III). Apr. 29, 1958, 13 U.S.T. 2312. Plaintiffs specifically allege that Defendants have violated Articles 10, 11, 12, 24, and 25 of the Death on the High Seas Act. However, each of these articles contemplates enforcement by states, not private entities. For example, Article 10 states: "Every State shall take such measures for ships under its flag as are necessary to ensure safety at sea . . ." Similarly, Article 12 provides in part that "[e]very State shall require the master of a ship sailing under its flag . . . to render assistance to any person found at sea . . ." and that "[e]very costal State shall promote the establishment and maintenance of an adequate and effective search and rescue service . . ." Article 24 states that "[e]very State shall draw up regulations to prevent pollution of the seas by the discharge of oil from ships . . . ," and Article 25 requires that "[e]very State shall take measures to prevent the pollution of the seas from the dumping of radioactive waste . . ." Each of these provisions requires action and compliance on the part of signatory sovereign nations, not private entities, and nothing in the Convention on the High Seas suggests that individuals have a private cause of action for personal injuries against private entities for alleged violations of its provisions.

As a general matter, international agreements and treaties are not presumed to "create rights that are enforceable in the courts." *United States v. Jimenez-Nava*, 243 F.3d 192, 195 (5th

Cir. 2001). "Treaties are contracts between or among independent nations . . . designed to protect sovereign interests of nations, and it is up to the offended nations to determine whether a violation of sovereign interests occurred and requires redress." *United States v. Zabaneh*, 837 F.2d 1249, 1261 (5th Cir.1988). "International agreements, even those directly benefitting private persons, generally do not create private rights or provide for a private cause of action in domestic courts. . . ." Restatement (Third) of the Foreign Relations Law of the United States § 907, cmt. a (1987). Accordingly, "[c]ourts presume that the rights created by an international treaty belong to a state and that a private individual cannot enforce them." *United States v. Emuegbunam*, 268 F.3d 377, 389 (6th Cir.2001). The Supreme Court has noted that several circuits, including the Fifth Circuit, presume "that treaties do not create privately enforceable rights in the absence of express language to the contrary." *Medellin v. Texas*, 552 U.S. 491, 506 n.3 (2008). Because the Death on the High Seas Act and UNCLOS III do not contain such express language, no private cause of action exists for violations of their provisions. *See, e.g., Argentine Rep. v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 442 (1989) (stating that the Death on the High Seas Act "do[es] not create private rights of action for foreign corporations to recover compensation from foreign states in United States courts").

Therefore, the Court DISMISSES WITH PREJUDICE Plaintiffs' claims in the Second Amended Complaint for violation of the Convention on the High Seas and UNCLOS III.

    4. **The La Paz Agreement**

Next, the Second Amended Complaint asserts a cause of action for violations of the La Paz Agreement. However, the purpose of the La Paz Agreement is to:

> establish the basis for cooperation between [the United States and Mexico] for the
> protection, improvement and conservation of the environment and the problems

9

> which affect it, as well as to agree on necessary measures to prevent and control pollution in the border area, and to provide the framework for development of a system of notification for emergency situations.

Environmental Protection Agency, La Paz Agreement, Article I.[1] The Agreement does not contain any regulations or provisions which set forth acts that would violate the terms of the agreement and nothing in the La Paz Agreement authorizes a private right of action against private entities based on alleged violations. Instead, the Agreement provides that the United States and Mexico will each appoint a "national coordinator whose principal functions will be to coordinate and monitor implementation of this Agreement . . ." Plaintiffs have not pointed to any provision of the La Paz Agreement or case law suggesting that it gives rise to a private cause of action, nor has the Court's own research uncovered any such authority. Thus, because the La Paz Agreement does not contain any mechanism for judicially enforceable individual rights or causes of action, Plaintiffs claims in the Second Amended Complaint based on alleged violations of the La Paz Agreement are DISMISSED WITH PREJUDICE.

### 5. The International Convention for the Safety of Life at Sea ("SOLAS")

Additionally, Plaintiffs' Second Amended Complaint asserts a cause of action under the International Convention for the Safety of Life at Sea ("SOLAS"). The provisions of SOLAS, like those of the La Paz Agreement and the Convention on the High Seas, do not contain express language providing for enforcement through a private cause of action. Nov. 1, 1974, 32 U.S.T. 47, T.I.A.S. 9700. In addition, Treaties "are not domestic law unless Congress has either enacted implementing statutes or the treaty itself conveys an intention that it be self-executing and is ratified on these terms." Medellin v. Texas, --- U.S. ----, 128 S.Ct. 1346, 1356, 170 L.Ed.2d 190 (2008) (internal quotation marks omitted). Plaintiffs do not contend that Congress has enacted

---

[1] www.epa.gov/Border2012/docs/LaPazAgreement.pdf.

implementing statutes for SOLAS or that the treaty is self-executing. In fact, the language of the treaty itself relies on member nations to enforce its routing measures: "Contracting Governments will use their influence to secure the appropriate use of adopted routes and will do everything in their power to ensure adherence to the measures adopted by the Organization in conne[ct]ion with rout[ ]ing of ships." SOLAS, ch. 5, reg. 8(d); *see also Defenders of Wildlife v. Gutierrez*, 532 F.3d 913, 926 (D.C. Cir. 2008). Because there is no private cause of action under SOLAS, Plaintiffs' claim in the Second Amended Complaint arising under SOLAS is DISMISSED WITH PREJUDICE.

### 6. The Maritime Labour Convention

Finally, Plaintiffs assert a claim under the Maritime Labour Convention in the Second Amended Complaint. However, the Maritime Labour Convention is only a proposed United Nations Convention which has not yet entered into force. According to the International Labour Organization, the organization behind the Maritime Labour Convention, it has only been ratified by twelve of the required thirty member countries. *See* International Labour Organization website, http://www.ilo.org/global/standards/maritime-labour-convention/lang--en/index.htm. Accordingly, the Maritime Labour Convention is not enforceable and may not form the basis of a claim against Defendants.

Even if the Maritime Labour Convention were enforceable, it still would not give rise to a private cause of action because requires only that each member state adopt laws and regulations that comply with the convention's standards and does not expressly provide for a private cause of action by a private party. Therefore, Plaintiffs' claims in the Second Amended Complaint based on the Maritime Labour Convention are DISMISSED WITH PREJUDICE.

11

### D. OSHA Claims

Plaintiffs have also brought claims against the Defendants under Occupational Safety and Health Act ("OSHA") for failure to use reasonable care to maintain a safe work environment. OSHA, however, does not apply to operations in the Bay of Campeche, Mexico. OSHA applies only to "employment performed in a workplace in a State, the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, American Samoa, the Trust Territory of the Pacific Islands, Lake Island, Outer Continental Shelf lands defined in the Outer Continental Shelf Lands Act, Johnston Island, and the Canal Zone." 29 U.S.C. § 653(a). Plaintiffs' Second Amended complaint, however, alleges that the workplace at issue was located in the Bay of Campeche, Mexico. Therefore, OSHA does not cover Plaintiffs' claims and all claims in the Second Amended Complaint based on OSHA are DISMISSED WITH PREJUDICE.

### E. DOSHA Claims

The Second Amended Complaint also appears to plead a claim under the Death on the High Seas Act ("DOSHA"). DOSHA is a federal statute based in admiralty law and, thus, is "a maritime law of the United States." *See Baris v. Suplicio Lines, Inc.*, 932 F.2d 1540 (5th Cir. 1991) (noting that "a DOSHA claim is within the *admiralty* jurisdiction of the federal courts") (original emphasis); *Baker v. Bell Helicopter/Textron, Inc.*, 907 F. Supp. 1007, 1010 (N.D. Tex 1995) (finding that "[i]f DOSHA applies . . . then no independent test for the existence of admiralty jurisdiction is necessary); *Filho v. Pozos Int'l Drilling Servs., Inc.*, 662 F. Supp. 94, 98 (S.D. Tex. 1987) (finding that a DOSHA claim falls within a court's admiralty jurisdiction). The Court previously dismissed Plaintiffs' federal maritime law claims because Plaintiffs failed to allege that Mexican law failed to provide a remedy, as required in order to bring a federal maritime claim

12

under the Jones Act. The Court granted Plaintiffs leave to file an amended complaint with regard to their claim brought under the maritime law of the United States by October 8, 2010 (Dkt. No. 102); however, Plaintiffs chose not to file an amended complaint. Accordingly, Plaintiffs have waived their right to bring a claim under DOSHA.

Even if Plaintiffs had not waived their rights with regard to their DOSHA claim, their claim would still fail. As discussed above, DOSHA is a maritime law of the United States. As the Court's Order dated September 20, 2010, made clear, the Jones Act provides that Plaintiffs cannot maintain a civil action for death or other injury under the Jones Act or under any other maritime law of the United States if : (1) the individual suffering the injury or death was not a citizen or permanent resident alien of the United States at the time of the incident giving rise to the action; (2) the incident occurred in the territorial waters or waters overlaying the continental shelf of a country other than the United States; and (3) the individual suffering the injury or death was employed at the time of the incident by a person engaged in the exploration, development, or production of offshore mineral or energy resources. 46 U.S.C.A. § 30105(b). However, this prohibition does not apply if "the individual bringing the action establishes that a remedy is not available under the laws of (1) the country asserting jurisdiction over the area in which the incident occurred or (2) the country in which the individual suffering the injury or death maintained citizenship or residency at the time of the incident." 46 U.S.C.A. § 30105(c). Plaintiffs' Second Amended Complaint, however, again fails to allege that Mexican law does not provide a remedy for Plaintiffs' and their decedents' injuries. Accordingly, Plaintiffs' DOSHA claims in the Second Amended Complaint are DISMISSED WITH PREJUDICE.

### F. Mexican Law Claims

Finally, Defendants motions to dismiss ask the Court to reverse its previous ruling that the Jones Act does not preempt foreign law claims and dismiss Plaintiffs' claims under Mexican law in the Second Amended Complaint. The Court has also already ruled on the issue of whether the Jones Act preempts foreign law claims. Because the Defendants have offered no new arguments to support their contention that the Jones Act preempts foreign law claims and, thus, that Plaintiffs' claims under Mexican law are barred by 46 U.S.C.A. § 30105(b), the Court will not reconsider its ruling that foreign law claims are not preempted by the Jones Act. Consequently, the Court DENIES Defendants' motions to dismiss with respect to the claims under the laws of Mexico in the Second Amended Complaint for the reasons stated in the Court's order dated September 20, 2010 (Dkt. No. 102).

### G. Motion to Dismiss Mexican Law Claims for Lack of Subject Matter Jurisdiction

The Court CARRIES the portion of Vetco Gray's Motion to Dismiss requesting dismissal of Plaintiffs' Mexican law claims for lack of subject matter jurisdiction until after the Court's ruling on the Defendants' pending Consolidated Motion to Dismiss for Forum Non Conveniens filed in *Dominguez v. Gulf Coast Marine, et al.*, Case No. 9:08cv200 (Dkt. No. 225). *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 432 (2007) (holding that a court may rule on a motion to dismiss for *forum non conveniens* before taking up questions of personal or subject matter jurisdiction).

It is SO ORDERED.

SIGNED this 7th day of March, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE